The STATE, ex rel. BUTLER COUNTY BAR ASSOCIATION et al.,

v.

ROBB, Clerk.

[Cite as *State, ex rel. Butler Cty. Bar Assn., v. Robb* (1990), 62 Ohio App.3d 298.]

Court of Appeals of Ohio,
Butler County.

No. CA90–02–024.

Decided Aug. 6, 1990.

*James M. Schnell & Associates, James M. Schnell* and *Stephen S. Marcum,* for relators.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for respondent.

*Per Curiam.*

This cause came on to be considered upon a motion by respondent Edward S. Robb seeking to dismiss a two-count complaint for writ of mandamus filed by relators, Butler County Bar Association and James N. Schnell, an Ohio attorney at law. As to count one, relators want this court to order respondent Robb, who is Butler County Clerk of Courts, to:

"Maintain and make available to all public case files within the custody and control of the Clerk of Courts of Butler County, Ohio, from the hours of 8:30 o'clock A.M. to 4:30 o'clock P.M., Monday through Friday, except legal holidays."

As to count two, relators want this court to order Robb to furnish copies of public records at his cost, rather than $1 per page.

Respondent claims that relators have failed to state a claim upon which relief can be granted. As to each count, we refer to R.C. 149.43(B), upon which relators base their complaint:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. * * * "

From the complaint, it appears that Robb has reduced the business hours of the clerk's office due to budget cuts in Butler County. Specifically, Robb has closed the office between noon and 1 p.m. each day and at 4 p.m. each day, and has closed the fourth floor file room at noon each day.

Relators' principal complaints are that respondent's reduced schedule does not include certain "reasonable" business hours, and that the public is ejected from the clerk's office at 4:00 p.m. although staff remains in the office until 4:30 p.m.

 R.C. 149.43(B) does not require Robb to establish reasonable business hours, but that he make public records "available for inspection * * * at all reasonable times during *regular* business hours." (Emphasis added.) Robb has established regular business hours—8:30 a.m. to noon and 1 p.m. to 4 p.m., except the file room which is only open until noon. While these restricted hours may inconvenience relators, they are regular business hours and there is no assertion that public records are not available for inspection during these hours. As to count one, relators fail to state a claim, Civ.R. 12(B)(6), and, as to count one, the complaint is dismissed.

 As to count two, respondent relies upon R.C. 2303.20(G), which requires the clerk to charge "[o]ne dollar for each double spaced page, for

copies of pleadings, process, record, or files, including certificate and seal." R.C. 149.43(B) provides that the "person responsible for public records *shall* make copies available *at cost.*" (Emphasis added.) The complaint alleges that Robb does not do so, and as to count two, the motion to dismiss is overruled.

Respondent is hereby granted fourteen days from the date of this decision and entry to respond to relators' motion for summary judgment, limited now to count two.

*Judgment accordingly.*

WOLFF, P.J., BROGAN, and GRADY, JJ., concur.

WILLIAM W. WOLFF, JR., J., of the Second Appellate District, sitting by assignment.

JAMES A. BROGAN, J., of the Second Appellate District, sitting by assignment.

THOMAS J. GRADY, J., of the Second Appellate District, sitting by assignment.